322 So.2d 305 (1975)
Kenneth W. CARTER et al., Plaintiffs-Appellees,
v.
Edward FENCH, Defendant-Appellant.
No. 10431.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Rehearing Denied November 24, 1975.
Writ Refused January 14, 1976.
*306 Fred G. Benton, Jr., Baton Rouge, for defendant-appellant.
Charles L. Patin, Jr., Baton Rouge, for plaintiffs-appellees.
Before SARTAIN, ELLIS and PICKETT, JJ.
SARTAIN, Judge.
This litigation concerns the applicability of the Public Records Law (R.S. 44:1 et seq.). Plaintiffs, Frank S. Washington and Kenneth W. Carter, are the Editor-in-Chief and Managing Editor, respectively, of the Southern Digest, a student newspaper at Southern University and Agricultural and Mechanical College (University) in Baton Rouge. They instituted a summary proceeding (R.S. 44:35) against defendant, Edward Fench, President of the Student Government Association (SGA) to obtain copies of this organization's budget for the fall semester of 1974 and the spring semester of 1975.
At the conclusion of a hearing on the rule, the trial judge, for oral reasons assigned, made the same absolute and held that the financial records of the SGA fall within the scope of R.S. 44:1 and defendant, as its President, was required to furnish the requested materials.
Before the judgment on the rule was signed defendant filed an answer and reconventional demand.
The reconventional demand averred that plaintiffs had used the medium of their publication to publicly imply that defendant had "something to hide" and had harassed, humiliated and embarrassed him.
The trial judge, in response to subsequent motions and exceptions, held that the answer to the rule was untimely (C.C.P. Art. 3783) and that the reconventional demand raised issues not incidental to the main demand (C.C.P. Art. 1061) and dismissed the same.
Defendant sought and was granted a devolutive appeal as to each of the rulings noted above. Plaintiffs have answered seeking damages for frivolous appeal. We concur in that portion of the judgment appealed which held that the financial records of the SGA are public records and the the President of the SGA is subject to the Public Records Act. However, we are compelled to hold that plaintiffs can not avail themselves of the rights accorded to them under the Public Records Law because they have not complied with the essential provisions thereof which entitle them to the exercise of such rights. Further, *307 we deny plaintiffs' claims for damages for frivolous appeal.
The SGA is a student organization whose officers are elected by the student body. Officers besides the President are Vice-President, Business Manager, and Assistant Business Manager. The affairs of the SGA are conducted by these officers pursuant to resolutions adopted by the Student Senate. The latter is composed of representatives of various student organizations. The SGA officer directly responsible for the records is the Business Manager.
A portion of each student's registration fee is allotted to the SGA but these sums are retained by the University. The Student Senate adopts a budget based on the funds derived from the registration fees. When a particular disbursement is desired the Senate passes an appropriate resolution. This resolution is, in essence, a request for payment and is forwarded to the Director of Student Affairs, an administrative officer of the University. A check is then issued by the University in the amount requested and is made payable to a designated payee.
Copies of the SGA budget are filed with the President of the University, the Comptroller, Vice-President, Vice-President for Student Affairs, and Director of Student Activities.
The record clearly discloses that plaintiff, Kenneth W. Carter, requested that defendant give him a copy of the two budgets. The time, place and manner in which these requests were made, however, is not disclosed.
Defendant contends that the official custodian of these records is the Business Manager of the SGA, and that he was the proper party to whom plaintiffs' request should have been directed. In addition, defendant argues that these documents were on file with and could have been readily obtained from the university officials noted above.
R.S. 44:1 provides, inter alia, that "all records . . . relating to the receipt or payment of any money received or paid by or under the authority of the Constitution or the laws of this state are public records . . ." The legally constituted governing authority of Southern University is its Board of Supervisors which is created and empowered pursuant to Article 8, Sec. 7 of the Louisiana Constitution of 1974. The tuition fees are imposed on the students by that Board and must be paid to gain admission. Thus when these fees are paid to the University they become public funds and those agencies which are the ultimate recipients of such funds, whether they be governmental, public or private bodies, are subject to the Public Records Law insofar as their financial records are concerned. The trial judge was correct when he held that this included the SGA, albeit a student organization.
We find no merit to defendant's argument that since actual custody of the records sought was in the office of the Business Manager of the SGA, defendant himself has no responsibility under the Act. We view the SGA as a single organization, and the president of that organization obviously has the authority to permit inspection of all public records lodged therewith.
However, since we have held the Public Records Law applicable to the particular facts here presented, we must take cognizance of all its provisions. L.R.S. 44:32 clearly provides that the right granted under the act is one of examination of public records, and further, the examination must be made during the regular office hours or working hours of the person to whom application is made. The record before us is barren of any supporting evidence which would establish that plaintiffs herein made any attempt to comply with this portion of the act. Rather, the brief testimony leaves us with the impression that requests were made not for examination, but for personal copies of the records in question. Further, *308 there is no evidence that these plaintiffs ever presented themselves in the office of the SGA to make their request. The Assistant Business Manager, one of the officers with actual physical custody of the records in the SGA's organization, testified that no requests of him were made by the plaintiffs concerning the budget records.
We feel that strict adherence to the Act in this respect is necessary in order to protect those in whose charge public records have been placed from being unduly harassed by those who seek to take advantage of the custodian's legal obligations. The Act is specific on this point: ". . . nothwith standing the requirements contained hereinabove, examination of records under the authority of this section must be conducted during regular office or working hours." (Emphasis ours) L.R.S. 44:32.
Accordingly, we find no proven violation of the Public Records Law by defendant herein since plaintiffs have not demonstrated their own compliance with the same.
We now turn to plaintiffs' contention that they are entitled to damages for frivolous appeal. Such damages are provided for under C.C.P. Art. 2164 and are discretionary with the court. Notwithstanding the fact that defendant did appeal those decisions of the trial judge striking his answer and dismissing his reconventional demand, defendant did not pursue these matters on appeal. Inasmuch as we find in favor of the defendant on the principal issue appealed, we do not feel that under these circumstances plaintiffs are entitled to damages.
Accordingly, for the above and foregoing reasons, the judgment of the district court insofar as the same held that the financial records of the Student Government Association of Southern University Agricultural & Mechanical College, Baton Rouge, are public records is affirmed; however, that portion of the judgment holding the defendant, Edward Fench, in violation of the Public Records Law (R.S. 44:1 et seq.) is reversed and set aside and judgment is rendered herein recalling and vacating the rule nisi previously issued.
All costs of these proceedings relating to the rule and this appeal are assessed against plaintiffs. All such costs as pertain to defendant's answer to the rule and reconventional demand are assessed against the defendant. The cost of this appeal is assessed against plaintiffs-appellees.
Affirmed in part, reversed in part and rendered.