SAVOIE, Judge.
This is an action by the Attorney General, William J. Guste, Jr., on behalf of the State of Louisiana (State) to enforce the provisions of the Public Records Law LSA-R.S. 44:1 et seq., against Nicholls College Foundation (Foundation) and its president, Donald L. Peltier.
FACTS
The Foundation is a private, nonprofit corporation, which was organized in 1964 to promote and improve the educational welfare of Nicholls State University and which enjoys tax-exempt status. Francis T. Nicholls State College Alumni Federation (Federation) is also a private, nonprofit corporation, organized in 1960, which enjoys a tax-exempt status. The Federation was organized to foster, promote, and protect the welfare of Nicholls State University and to encourage a mutually beneficial relationship between the college and its *1233 alumni. Nicholls State University is a public body.
In 1962, the students of Nicholls State University voted a self-assessment of $.85 for the Federation, and this assessment was increased by $.50 in 1969. At all times pertinent hereto, the students of Nicholls State University paid, as a portion of their semester registration fees, $1.35 per student, which was deposited into the general operating account for Nicholls State University. Shortly after registration was completed, the funds were forwarded to the Federation. For a number of years ten percent of these funds (13.5c per student) were then forwarded by the Federation to the Foundation. The donation of the funds to the Foundation by the Federation was unsolicited.
In 1989, the State conducted an audit of certain portions of the operations of Nic-holls State University. During the course of the audit, David Morales, a representative of the Inspector General’s Office, requested an examination of the financial records of the Foundation on the basis that the Foundation received a portion of student fees, which are public funds. Donald L. Peltier, the custodian of the Foundation’s financial records, denied the request on the bases that the Foundation is not a public body and the Foundation’s records are not public records.
On June 2, 1989, the State of Louisiana, through the Attorney General, William J. Guste, Jr., filed a petition for a writ of mandamus, declaratory judgment, and rule to show cause, seeking access to the Foundation’s financial records. Defendants filed numerous exceptions, all of which were denied.[1] After presentation of the State’s case, the trial judge determined, in a directed verdict, that the student assessment funds collected by Nicholls State University and transmitted to the Federation are public funds within the meaning of the public records law. However, the trial judge found the Foundation’s receipt of donations from the Federation did not transform the Foundation into a public body, and, as such, the records of the Foundation were not subject to inspection under LSA-R.S. art. 44:1 et seq. Accordingly, the trial judge rendered judgment in favor of the Foundation and Peltier and against the State, denying the State’s request for examination of the Foundation’s records.
From this adverse judgment, the State appeals, assigning the following errors:[2]
1. The Trial Court committed an error of fact in finding that the Nicholls State University Alumni Federation forwards unsolicited the sum of 13.54: per student to the Nicholls College Foundation when stipulated and uncontradicted testimony established that the Nicholls State University Alumni Federation paid to the Nic-holls College Foundation ten per cent of the student assessment check received by the Nicholls State University Alumni Federation.
2. The Trial Court committed an error of law in determining that the donation of public funds an address and telephone number to the Nicholls State University Alumni Federation does not make the Federation a public body and its funds public funds for the purpose of La.R.S. 44:1 et seq.
3. The Trial Court committed an error of-law in determining that the donation of public funds an address and telephone number by the Nicholls State University Alumni Federation to the Nicholls College Foundation does not make the records of the Nicholls College Foundation public records.
4. The Trial Court committed an error of law when it failed to conclude that the Nicholls College Foundation was a public body within the meaning of the Louisiana Public Records Act, La.R.S. 44:1 et set. [sic],
*1234 DISCUSSION
The right of the public to have access to the public records is guaranteed by the constitution. LSA-Const. art. 12, § 3. This constitutional provision must be construed liberally in favor of free and unrestricted access to the records. Title Research Corporation v. Rausch, 450 So.2d 933 (La.1984).
Under the Public Records Law, LSA-R.S. 44:1 et seq., any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record. LSA-R.S. 44:31. LSA-R.S. 44:1 A(2) provides that:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are ‘public records,’ except as otherwise provided in this Chapter or as otherwise specifically provided by law. (Emphasis added).
The law covers virtually every kind of material or information which is recorded for use in the performance of any public function. Amoco Production Co. v. Landry, 426 So.2d 220 (La.App. 4th Cir.1982), writs denied, 433 So.2d 164 (La.1983).
In the instant case, the records sought to be examined concern certain funds received by the Foundation from the Federation. The Federation received these funds from Nicholls State University, which obtained the funds pursuant to assessments on tuition fees. Each semester, the Federation made an unsolicited donation to the Foundation of ten percent of the student assessments it received from Nicholls State University.
The legally constituted governing authority of Nicholls State University is The Board of Trustees for State Colleges and Universities which is created and empowered pursuant to Article 8, Sec. 6 of the Louisiana Constitution of 1974. The tuition fees are imposed on the students by that Board and must be paid to gain admission. Student self-assessed fees are included in the tuition bill once a copy of the student referendum approving the fee and an approval from the Board of Trustees for State Colleges and Universities are secured by the University.[3] Thus, when these fees are included in the tuition bill, pursuant to a mandate by the Board, they become subject to the definition of LSA-R.S. 44:1 in that the money is “received and paid by or under the authority of the Constitution or of the law of the State.” Therefore, they become public funds and the agency which is the ultimate recipient of such funds by or under the authority of the Constitution or the law of this State, whether it is a governmental, public, or private body, is subject to the Public Records Law insofar as its financial records are concerned. Carter v. French, 322 So.2d 305 (La.App. 1st Cir.1975), writ denied, 325 So.2d 277 (La.1976).
The funds in this case, ultimately, under the definition of LSA-R.S. 44:1, were received by the Federation, not the Foundation. The Federation is under no constitutional or statutory duty to remit ten percent of the student self-assessed fees to the Foundation, nor is the Foundation under a statutory duty to accept these funds. In addition, we note that the record is devoid .of any evidence that the Foundation’s records and documents are used in the con *1235 duct, transaction or performance of any constitutional or statutory duties which would open its records to the public under the Public Records Act. Because the transactions fall outside of the plain meaning of the statute we affirm the trial court’s holding that the Foundation’s records are not subject to disclosure under the Public Records Act.
The Foundation filed certain peremptory and dilatory exceptions in the trial court and argue their respective merit on appeal. As we are affirming the judgment of the trial court, we find the appeal by the Foundation to the overruling of its exceptions moot. We so find because the appeal by the Foundation was urged as an alternative in the event we reversed the trial court.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal in the amount of $616.50 are assessed to the State.
AFFIRMED.
CARTER, J., concurs.

. Defendants’ exceptions included a dilatory exception pleading the objections of prematurity, lack of procedural capacity, and nonjoinder of a necessary party and a peremptory exception pleading the objections of no right of action and nonjoinder of an indispensable party.

. Although the opinion does not address each assignment of error, as such the opinion adequately addresses all issues raised.

. Although the actual referendum and approval from the Board of Trustees are not of record, the fact that the fees were validly imposed is not contested in this proceeding.