592 So.2d 419 (1991)
STATE of Louisiana ex rel., William J. GUSTE, Jr., Atty. Gen.
v.
NICHOLLS COLLEGE FOUNDATION and Donald L. Peltier.
No. CA 91 0467.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Rehearing Denied January 22, 1992.
Writ Denied February 7, 1992.
*420 Stephen M. Irving, Asst. Atty. Gen., Baton Rouge, for plaintiff-appellant State of La.
Daniel A. Cavell, Thibodaux, for defendant-appellant Nicholls College Foundation.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
The Attorney General filed suit on behalf of the Inspector General of the State of Louisiana (State) against Nicholls College Foundation and the Foundation president, Donald Peltier, (Foundation) to obtain a court order to allow the examination of the Foundation's records pursuant to the Public Records Act, LSA-R.S. 44:1, et seq. The procedural history and facts of this case can be found in State ex rel. Guste v. Nicholls College Foundation, 558 So.2d 1232 (La.App. 1st Cir.), reversed and remanded, 564 So.2d 682 (La.1990) and the trial court's reasons for the judgment before us, attached as Appendix A. On remand, the trial court held that the Foundation is a private corporation whose records are not generally subject to the Public Records Act and that the State had the right to inspect only the expenditures from the Presidential Development Fund of public funds received by the Foundation from 1984 to 1989. The costs were assessed against the State.
The Foundation appealed and asserts that the trial court erred in failing to grant its motion to dismiss the suit. The Foundation presented evidence to show that it had reimbursed the Nicholls State University Alumni Federation (Federation) for all public funds that the Federation had given to the Foundation. The Foundation argues that by returning the public funds, the need to inspect was removed.
The State appealed and assigned error to the trial court's holding (1) that the Foundation was a private corporation not subject to the Public Records Act and (2) that the right to inspect was limited to expenditures from the Presidential Development Fund. Error was also assigned to the trial court's assessment of costs against the State and refusal to allow the State, on rebuttal, to develop or submit evidence of connections between the Foundation and Nicholls State University. The State answered the Foundation's appeal and asked for damages for frivolous appeal.

PRIVATE CORPORATION OR PUBLIC BODY?
After a thorough review of the record, we find no error in the trial court's holding that the Foundation was a private corporation not subject to the Public Records Act. The evidence presented by the State was not sufficient to support a *421 finding that the Foundation was a public body. In the State's presentation, the focus was on the public funds received from the Nicholls State University Alumni Federation. The State used the receipt of public funds as its basis for its request to inspect the Foundation's records. The State rested its case without introducing sufficient evidence of other connections between the Foundation and Nicholls State University or similar evidence that would classify the Foundation as an "instrumentality of state ... government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental... function" and meet the definition of public body found in LSA-R.S. 44:1(A)(1).

LIMITATIONS ON RIGHT TO INSPECT
The State points out that the public funds were deposited in a general fund and that the public funds were received by the Foundation from December, 1983 to 1989. The State complains that the judgment improperly limited the State's right to inspect the 1984 to 1989 records and asserts that all of the Foundation's records should be subject to inspection, not just the records of the Presidential Development Fund.
We find no error in the dates used by the trial court. The testimony in the record did establish that the public funds were received from the Federation between December, 1983 and May of 1989. However, the State in its petition asked only for the records from 1984 to 1989. Of course, the State has the right to examine all the records of receipts and expenditures of the public funds received from the Federation, if it chooses to request them.
We find no error in the trial court's limitation of the right to inspect the expenditures of public funds to the records of the Presidential Development Fund. Although the public funds were deposited in a general account, a separate record was kept of the receipts and of the expenditures of funds used to fulfill requests from the university. These monies, which included the funds received from the Federation, were treated as a separate account called the Presidential Development Fund. The Louisiana Supreme Court recognized the right of a private corporation to limit access to its private records by the use of separate records or accounts for any public funds received. State ex rel. Guste v. Nicholls College Foundation, 564 So.2d 682, 689 (La.1990). Because the Foundation is not a public body, the State's right to inspect must be limited to the records of the public funds. The receipt of public funds by the Foundation does not entitle the State to inspect all of the Foundation's financial records. "The Inspector General does not have the right to examine records regarding private donors, nor other receipts or expenditures unrelated to the transmittal fees. Indeed, the Inspector General has not sought such relief." State ex rel. Guste v. Nicholls College Foundation, 564 So.2d at 689.

FOUNDATION'S APPEAL
We find no merit in the Foundation's assignment of error to the trial court's failure to dismiss the case. The return of the public funds does not moot the issue of the State's right to inspect the Foundation's records of receipts and expenditures of the public funds.

REFUSAL TO ALLOW EVIDENCE ON REBUTTAL
During the presentation of the State's case at trial on the merits, the State submitted evidence of the receipt of student assessment fees from the Federation that the State characterized as public funds. The State had asserted in its petition that because the Foundation was a recipient of public funds, the Foundation's financial records were subject to inspection. The State also introduced the Foundation's Articles of Incorporation and presented evidence to show that the Foundation used the Federation's mailing address and that the Foundation assisted Nicholls State University by paying the salary of a university farm employee.
The State rested and defendants moved for a directed verdict. The motion was *422 granted. After the remand by the Louisiana Supreme Court, the defendant, the Foundation, presented its case and established the existence of separate records for the Presidential Development Fund. The Foundation accountant testified that recently a check was issued to the Federation as a reimbursement of all the public funds received.
On rebuttal, the State attempted to present evidence of other connections between the Foundation and Nicholls State University that could be used to support the claim that the Foundation performed the duties and functions of a public body. The Foundation objected. The trial court viewed the evidence sought to be introduced by the State as new evidence and not proper evidence on rebuttal. The trial court stated in its reasons for judgment that it had allowed the State to reopen its case once, but it could not allow the State to reopen its case again. The trial court reasoned that to continue to allow the State to present new evidence would be an abuse of discretion.
Evidence in rebuttal should be confined to matters brought out by the defendant. The matter of admission of rebuttal evidence is largely within the discretion of the trial court. LSA-C.E. art. 611E; Combs v. Hartford Ins. Co., 544 So.2d 583, 588 (La.App. 1st Cir.), cert. denied, 550 So.2d 630 (La.1989).
We find no abuse of discretion in the trial court's refusal to allow the State on rebuttal to submit or to develop through cross-examination new evidence on the issue of connections between Nicholls State University and the Foundation. The State tried to present its questions as rebuttal of the Foundation's argument that the need to inspect was removed when the public funds were returned to the Federation. However, the record supports the trial court's belief that the intent of the questions was not to rebut matters raised by the Foundation, but to introduce new evidence; evidence that was not introduced during the State's presentation and that it believed could be used to bolster the allegation that the Foundation was a public body and that all of the Foundation's records were subject to the Public Records Act.

COSTS
The trial court "may render judgment for costs ... as it may consider equitable." LSA-C.C.P. art. 1920. On review, a trial court's assessment of costs can be reversed by this court only upon a showing of abuse of discretion. Ratcliff v. Town of Mandeville, 551 So.2d 761, 763 (La.App. 1st Cir.1989), cert. denied, 556 So.2d 37 (La.1990).
Both parties prevailed in the suit to some extent. The trial court did not give reasons for its charge against the State for all the costs and the record provides no support for such an inequitable decision.
Therefore, we find that the trial court abused its discretion. An equitable assessment of the trial court costs of $1,388.68, under the facts of this case, is an assessment of one half of the costs, or $694.34, to the State and one half to defendants.

FRIVOLOUS APPEAL
The State has not established that the Foundation's appeal is frivolous. Although we find the Foundation's argument that the case should have been dismissed after return of the funds without merit, a legitimate question was raised and the Foundation seriously advocated its view. See Martyniuk v. DL-Mud, Inc., 526 So.2d 846, 850 (La.App. 1st Cir.), cert. denied, 531 So.2d 276 (La.1988).
For the foregoing reasons, the judgment of the trial court is amended to reflect the assessment of one half of the trial court costs, or $649.34, to the State and one half to the defendants. As amended, the judgment of the trial court is affirmed. The costs of this appeal, $478.00, are assessed equally against the State and the defendants.
AMENDED, AND AS AMENDED, AFFIRMED.

*423 APPENDIX A

State of Louisiana

Parish of Lafourche

17th Judicial District Court

Division "C"

Number 64003

State of Louisiana ex rel William J. Guste, Jr. Attorney General

Versus

The Nicholls College Foundation and Donald Peltier

REASONS FOR JUDGMENT
The Attorney General of the State of Louisiana filed suit in this matter seeking to inspect certain records of the Nicholls College Foundation pursuant to the Public Records Act. LSA-R.S. 44:1, et seq. The Attorney General alleged that the Nicholls College Foundation had received public funds and they should be allowed to inspect all of the records of the Foundation. This matter was heard by this Court on August 11, 1989. At the close of the evidence the defendants moved for a directed verdict and this Court granted that motion, and ruled that the funds transmitted to the defendant Foundation were not public funds within the meaning of LSA-R.S. 44:1, et seq, the Public Records Act. The judgment of this Court was affirmed by the First Circuit Court of Appeals[1] and then overruled by the Louisiana Supreme Court[2] and the matter was remanded to this Court for the completion of the trial.
While this matter was pending the defendant Foundation returned all of the public funds that it had received.
The Foundation at the completion of the trial proved that it kept a separate account of the public funds that it received and expended. This account is called the "Presidential Development Fund". The funds were deposited in the general bank account of the Foundation, and the income of the public funds and expenditure of those funds from the "Presidential Development Fund" were kept separate from the balance of the Foundation's other income and expenditures. Income other than the public funds were added to this special account. These facts were not contested by the plaintiff at the trial.
At the completion of the defendants' case the plaintiff sought to reopen its case in the guise of cross examination by attempting to introduce documents which should have been part of its case in chief, and which were beyond the scope of its pleadings. This Court refused to allow the introduction of these documents. To allow the plaintiff to reopen his case would have required this Court to allow the defendant to also reopen its case. This Court at the initial trial of this matter allowed the plaintiff to reopen its case. To allow the plaintiff to reopen its case a second time would be an abuse of the discretion of this Court.[3] There must be an end to the presentation of evidence. Evidence in rebuttal should be confined to new matters brought out by the defendant.[4]
The expenditures from the "Presidential Development Account" in which the public funds were kept will be available to the Attorney General for his inspection as per the orders of the Louisiana Supreme Court:
"In this case, the right of inspection is limited to the records of receipts and expenditures of public funds. The Inspector General does not have the right to examine records regarding private donors, *424 nor other receipts or expenditures unrelated to the transmitted fees."[5]
In keeping with the ruling of the Louisiana Supreme Court the Inspector General may not examine the source of other donations into the special account, he may only view the entrance of the public funds into that account and the expenditures from that account and that account alone. It is obvious that the donations were private, and it was the intention of the donors that their donations remain private. If this were not so, the donations would have been made directly to Nicholls State University. It is good public policy that public education be supported, encouraged and nourished by private foundations. Care should be taken not to damage or inhibit this support. Each donation that is discouraged or canceled is a child that might not receive a scholarship or a canceled educational project. Donations to public education are to be nurtured and protected.
The return of the funds to the State by the Foundation does not relieve the Foundation of its burden to disclose the records. This Court finds that the Foundation received the sum of $9,502.36 in public funds and has returned the sum of $9,502.36. The total amount placed in the "Presidential Development Fund" has been the sum of $51,456.91. Therefore $41,954.55 was placed in the "Presidential Development Fund" from a source other than the public funds. The return of the $9,502.36 will balance the books. There is merit in the defendants' position that this cancels the right of the Attorney General to view the contents of the account. However, the mandate of the Supreme Court of the State of Louisiana is clear and it is the duty of this Court to follow their orders.
The plaintiff in this matter had originally demanded to see all of the bank statements, canceled checks, invoices supporting disbursements, cash disbursement journals and other records of the defendant Foundation for the years 1984 through 1989. The decision of the Louisiana Supreme Court limited the plaintiffs access to those records of this special account where the public funds were kept. Since there is this special account, it is only this special account that deals with public funds that is made available to the plaintiffs as public records. The balance of the Foundation maintains its private character.
"If a private corporation accepts public money from a public body in the discharge of the latter's constitutional or legal duties, it must disclose records concerning those transactions, including the receipt and expenditure of those funds. If those corporations wish to avoid divulging non-public receipts and expenditures, they need only maintain separate and distinct books, accounts and records."[6]
The Foundation has met this requirement and the demand of the plaintiff for declaratory judgment declaring the financial and other records of defendant, Nicholls College Foundation to be public records subject to the inspection under the Public Records Act is herewith dismissed, except as is consistent with the body of this opinion.
This Court exercises its discretion in this matter[7] and assesses costs in this matter against the plaintiff, since the bulk of the plaintiff's demands have been rejected.
Thibodaux, Louisiana, this 17th day of December, 1990.
 /s/ John J. Erny, Jr.
 John J. Erny, Jr.
 Judge
 17th Judicial District
 Division "C"
NOTES
[1] State ex rel. Guste v. Nicholls College, 558 So.2d 1232 (La.App. 1 Cir.1990).
[2] Guste v. Nicholls College Foundation, 564 So.2d 682 (La.1990).
[3] Matter of admission of rebuttal evidence is largely within the discretion of the trial court. Combs v. Hartford Ins. Co., 544 So.2d 583 (La. App. 1 Cir.1989); Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La.App. 1 Cir.1975); writ denied, 325 So.2d 279 (La.1976); LSA-C.C.P. Arts. 1631 and 1632.
[4] Combs v. Hartford Ins. Co., 544 So.2d 583 (La.App. 1 Cir.1989) at page 588; Longino v. Shreveport Traction Co., 120 La. 803, 45 So. 732 (1908).
[5] Guste v. Nicholls College Foundation, 564 So.2d 682 (La.1990), at page 689.
[6] Guste v. Nicholls College Foundation, 564 So.2d 682 (La.1990) at page 689.
[7] Ratcliff v. Town of Mandeville, 551 So.2d 761 (La.App. 1 Cir.1989) at page 763; LSA-C.C.P. art. 1920.