Dear Senator Cross:
You have requested the opinion of the Attorney General concerning an interpretation and application of Louisiana's Open Meetings Law, that request has been assigned to me for consideration and response. Specifically, you ask whether the Louisiana State University Student Government Association may utilize a secret ballot vote at its meetings or whether the Open Meetings Law, LSA-R.S. 42:4.1 et seq., would prohibit such action.
As you relate in your letter of request, recently the L.S.U.S. G.A. Student Senate voted by secret ballot at one of its meetings pursuant to Robert's Rules of Order. The question has since arisen whether such action was permissible or whether the provisions of the Open Meetings Law require the S.G.A. to vote publicly. You also state that the validity of this secret ballot vote will be addressed in an upcoming University Court hearing.
According to Article 12, Section 3 of the Louisiana Constitution of 1974 the public has the right to view the proceedings of public bodies. This provision is reflected in and expounded upon in the Open Meetings Law, LSA-R.S. 42:4.1 etseq. LSA-R.S. 42:4.1 sets forth the public policy behind the Open Meetings Law, it states:
 "It is essential to maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally."
The Open Meetings law applies to the meetings of public bodies. Under LSA-R.S. 42:4.2A.(2), a public body is defined as:
 ". . . . village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions, and any other state, parish, municipal, or special district boards, commissions; or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph."
Thus, governing authorities and state, parish, municipal, or special district boards, commissions, or authorities, along with a few other specified boards and commissions, are public bodies where they possess policy making, advisory, oradministrative functions.
This office has previously had the opportunity to address the question of whether a student government association is a public body under the above cited definition. In Attorney General Opinion No. 81-181, this office stated that the Student Government Association of Northeast Louisiana University was a public body for purposes of the Open Meetings Law. The conclusion in that opinion was based upon the fact that the SGA is an entity permitted to exist by the university, which is a state entity, and which possesses administrative functions over state funds turned over to it by the state.
However, Opinion No. 81-181 was recalled by Attorney General Opinion No. 86-642-A, which rejected the conclusion that the SGA's administrative functions with respect to state funds is sufficient to classify it as a public body under LSA-R.S. 42:4.2. Thus, the writer of Opinion No. 86-642-A opined:
 This office previously opined that the Louisiana State University Student Government Association is not a "local government" as it does not have general governmental powers, but rather is a student organization. Attorney General Opinion 78-1059. Unlike state public bodies generally, student government associations may make purchases without going through the State Division of Administration. Attorney General Opinion 82-912. Exclusive administrative authority over students is vested in the Board of Supervisors. S.G.A. of LSU v. Board of Supervisors, 264 So.2d 916, 920 (La. 1927).
 Attorney General Opinion 81-181 relied upon Attorney General Opinion 78-211 and Seghers v. Community Action, Inc., 357 So.2d 626 (La.App. 1st. Cir 1978). Both of these authorities applied the definition of "public body" prior to its amendment by Act 681 of 1979. That prior definition required the receipt or expenditure of public funds. Thus, while a student government association may be funded by public funds [Carter v. French, 322 So.2d 305 (La.App. 1st Cir. 1975)], that one factor alone is no longer sufficient to make it a public body since the amendment of La. R.S. 42:4.2 by Act 681 of 1979.
 Thus, the Student Government Association lacks the necessary policy making, advisory, or administrative functions to be a "public body" within the definition of La. R.S. 42:4.2.
The undersigned writer, though in agreement with reasoning of Attorney General Opinion No. 86-642-A with the respect to the use of public funds by a student government association, reaches a contrary conclusion with respect to the instant matter for the reasons stated herein.
The LSU Student Government Association is a University sanctioned body. The Student Government's operational budget is funded by a per capita assessment of each student in accordance with the LSU University Student Fee Schedule.
Further, the Association is located within the LSU Student Union and utilizes personnel paid, at least in part, with funds from the University operating budget.
The LSU Student Government Association's Constitution, Article 1, Section 3, provides that the primary purpose of the Student Government includes:
(1) To represent the concerns and interests of LSU students.
 (2) To provide and/or assist in providing programs for the betterment and enrichment of the campus community.
To this end, Article 1, Section 5, of the Student Government Constitution provides:
 The Student Government shall be considered and referred to as the official advisory body of the students to the University administration, faculty, and staff, the LSU Board of Supervisors, and the Louisiana Legislature in all matters affecting the Student Body. (Emphasis added)
In addition, under Article III, Section 2 of the Student Government Constitution, the Student Body President, or his or her designee, upon request of University officials serves as a representative of the Student Body to University committees which affect the activities and lives of the students at LSU. The Student Body Vice President is the representative of the Student Body to the Union Governing Board, pursuant to Article III, Section 3. Still further, Article V provides that every Student Senator is an automatic member of the College Council representing his or her academic area within the University.
Lastly Article VII, Section 3 of the Student Government Bylaws provides that all of that body's records are declared to be public records.
Based on these facts, it is clear that the Student Government is an integral part of Louisiana State University's governing structure. The Student Government is constituted as the official student advisory body to the University Administration, the LSU Board of Supervisors and the Louisiana Legislature. Its members serve on University committees and the Student Senate formulates and adopts legislation concerning all aspects of student life at LSU. These functions are advisory, administrative and involve policy making for the University.
Construing the Open Meetings Law liberally, as we are required to do, it is the opinion of this writer that the LSU Student Government is a public body for purposes of that law. As such, the Student Senate, which is the legislative branch of the Student Government, is required to comply with the provisions of the Open Meetings Law concerning voting by voice. See LSA-R.S.42:5C. This statutory provision overrides any contrary provision in the Student Government Bylaws.
This opinion serves to recall Attorney General Opinion Nos. 86-642 and 86-642A insofar as they concluded that the LSU Student Government Association is not subject to the Open Meetings Law.
I hope that this has sufficiently answered your question. If you require any further information, please do not hesitate to call on this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP:pab/2135o
The Honorable Michael Cross State Senator Post Office Box 94183 Baton Rouge, Louisiana 70804-9483
DATE RECEIVED:
DATE RELEASED:
GINA M. PULEIO ASSISTANT ATTORNEY GENERAL